Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK 99811
(907) 465-3428
FAX: (907) 465-4043
Attorney for Defendant Schmidt

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

EARL VOYLES, )
 )
    Plaintiff, )
 )
vs. )
 )
JOE SCHMIDT, )
 )
    Defendants. )
_____)  Case No. A05-0069 CV (TMB)

MOTION TO COMPEL

Comes now defendant Joe Schmidt, by and through his attorney of record, Marilyn J. Kamm, Assistant Attorney General, and hereby moves this court to compel plaintiff to respond to DEFENDANT'S FIRST SET OF INTERROGATORIES. This motion is made pursuant to Civil Rule 37 and Local Rule 37.1, and is supported by the memorandum and accompanying affidavit of counsel.

FACTS

Motion to Compel
*Voyles v. Schmidt,* Case No. A05-0069 cv (TMB)
Page 1 of 8.

On December 22, 2005, defendant sent to plaintiff his first set of interrogatories. Exhibit A. Plaintiff did not respond. On March 1, 2006, defendant sent a letter to plaintiff advising him that he needed to respond to the interrogatories. Exhibit B. Defendant responded to the interrogatories, but the responses were incomplete and not verified.

On April 19, 2006, defendant resent the interrogatories to plaintiff advising him to more fully respond to the interrogatories and to have his signature notarized. Plaintiff was advised that if the responses were not supplemented, that defendant would have to file a motion to compel. Exhibit C, Affidavit of Counsel. Plaintiff's responses were verified, but he did not completely respond to the interrogatories. Exhibit D.

Defendant seeks an order from this court directing plaintiff to fully respond to Interrogatories 1, 2, 4, 9, 11, 12, 13, 14, and 15.

ARGUMENT

Civil Rule 37(a) provides that a party may apply for an order compelling disclosure or discovery. The motion must contain a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action. Civil Rule 37(a)(2)(A). An evasive or incomplete disclosure, answer or response is treated as a failure to disclose, answer or respond. Civil Rule 37(a)(3).

Motion to Compel
*Voyles v. Schmidt*, Case No. A05-0069 cv (TMB)
Page 2 of 8.

Defendant has complied with the requirement that he confer with plaintiff to attempt to secure the responses without court action. See Affidavit of Counsel. On March 1, 2006, defendant sent another set of interrogatories to plaintiff since he had failed to respond to the set sent to him in December, 2005. See Exhibit B. Plaintiff then provided incomplete answers. On April 19, 2006, defendant returned the responses and advised plaintiff to verify them and to provide complete answers. See Exhibit C. Although he verified them, the responses were incomplete. See Exhibit D.

In his complaint plaintiff claims that defendant violated his attorney-client privilege on December 14, 2003, when his legal materials were separated from him. See docket 8, p. 3. These materials were returned to him on December 29, 2003. See docket 2, p. 2. He claims that having the papers could have changed the outcome of his trial in which he was found guilty. *Id.*

Interrogatory 1 asks plaintiff to explain how his attorney-client privilege was violated, and to identify his attorney. In response, plaintiff wrote, "Grievance 6537 filed on 12/18/03. Mr. Tetlow (I sent you and court copies)." Exhibit D, p. 1.

In Grievance 6537 plaintiff merely states that he needed some of his legal papers to bring to his attorney, and that he did not have them. Exhibit E. That grievance does not explain how his attorney-client privilege was violated, especially in light of the fact that his attorney had copies of all the legal materials plaintiff had. See Exhibit D, p. 1, Response to Interrogatory 2. Plaintiff should be ordered to explain in

Motion to Compel
*Voyles v. Schmidt,* Case No. A05-0069 cv (TMB)
Page 3 of 8.

detail how he thinks defendant violated his attorney-client privilege in response to Interrogatory 1.

Interrogatory 2 asked plaintiff to identify "each and every document, tape and videotape that was taken from you in December, 2003, when you moved to ACC-East. Please produce a copy of each document, tape and videotape with your responses." Plaintiff did not identify these materials. He stated, "The discovery that was given to Mr. Tetlow then to me, I can not give to you, you must ask my attorney for the full discovery since I cannot make copies of tapes or videos nor do I have all since moved many times with limited staff could bring with me/Allen Bieswinger (907 868 1280). *See* Exhibit D, p. 1.

Plaintiff claims in his complaint that he was injured by not having these materials. See docket 8, p. 3. He claims that he might not have been convicted. *Id.* Defendant is entitled to know what materials he is referring to. At the very least, plaintiff should be required to identify these materials and make copies of the documents for defendant. It is plaintiff's duty to contact his attorney Beiswinger and provide defendant with this information and copies of the tapes and videos.

In Interrogatory #4 defendant asked plaintiff to explain how possession of the missing documents would have affected the outcome of his trial. See Ex. D, p. 1. In response he stated that, "I never said (it) "would" but "could". My complaint is a violation of my right to defend myself in a court of law." *Id.*

Motion to Compel
*Voyles v. Schmidt,* Case No. A05-0069 cv (TMB)
Page 4 of 8.

Defendant is entitled to know how possession of the missing documents would or could have affected the outcome of his trial. Given that his trial was held in 2005, and that his attorney had copies of all the materials he was missing, it is not self evident how he was injured by being separated from his legal materials in December, 2003.

In Interrogatory #9 plaintiff is asked if he has filed any applications for post-conviction relief pertaining to his criminal case involved in this case. *See* Exhibit D, pp. 2-3. In response he stated, "Don't know. You have to ask OPA attorney now Allen Beiswinger." *See* Exhibit D, p. 3.

It is not defendant's duty to contact plaintiff's attorney for responses to these interrogatories. Plaintiff should be ordered to contact his own attorney and provide the information requested.

In Interrogatory #11, plaintiff was asked:

> When did you speak to defendant Joe Schmidt about the missing items? Who said what during the conversation(s)? Were there any witnesses to your conversation(s)? If so, who? Why do you say he did nothing?

Exhibit D, p. 3.

Plaintiff's response was:

> During the Friday inspection, Friday before 12 17 03 he took my name down on a yellow post it and said he would help. Yes, my cell mate saw it, need to look in log book to see his name.

Exhibit D, p. 3.

This response is insufficient. Plaintiff was asked to state why he stated

Motion to Compel
*Voyles v. Schmidt,* Case No. A05-0069 cv (TMB)
Page 5 of 8.

DEPARTMENT OF LAW - CRIMINAL DIVISION
ATTORNEY GENERAL, STATE OF ALASKA
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: (907) 465-3428  FAX: (907) 465-4043

That defendant did nothing about his missing materials. He should be ordered to respond to that question.

In Interrogatory 12 plaintiff was asked to identify his expert witnesses and state the substance of facts and opinions to which the expert is expected to testify. Exhibit D, p. 3. In response he wrote, "Sent you the list." Counsel has not received a witness list from plaintiff. See Affidavit of Counsel. He should be ordered to provide this information.

In Interrogatory 13 plaintiff was asked to identify each lay witness he expected to call at trial and to state the facts to which they will testify. Exhibit D, p. 4. His response was:

> The people on the list/ and ask them if I ask for help in this matter. (Simple)

Exhibit D, p. 4.

Defendant has received no witness list from plaintiff. See Affidavit of Counsel. He should be ordered to identify his witnesses and disclose the facts to which they are expected to testify.

In Interrogatory 14 he was asked:

> Please state with particularity each and every fact supporting your claim that defendant violated your right to due process.

Exhibit D, p. 4.

He responded:

Motion to Compel
*Voyles v. Schmidt,* Case No. A05-0069 cv (TMB)
Page 6 of 8.

>Ask him for my legal papers/He took down my name said would help/sign off my grievance/failed to follow DOC policy.

*Id.*

Plaintiff's response fails to state each and every fact supporting his due process claim. Although he claims that defendant violated DOC policy, he does not identify the policy nor does he state how defendant violated the policy. He should be ordered to provide this information.

Finally, he was asked what damages resulted from defendant's alleged violation of his rights and to provide all documentation pertaining to his damages. Exhibit D, p. 4. His response was, "To be established at trial." *Id.* Defendant is entitled to that information now. The purpose of discovery is to provide the opposing party with information regarding the opponent's claims prior to trial.

Defendant respectfully asks this court to order plaintiff to respond completely to Interrogatories 1, 2, 4, 9, 11, 12, 13, 14 and 15.

Dated this 7th day of July, 2006, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK 99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

Motion to Compel
*Voyles v. Schmidt,* Case No. A05-0069 cv (TMB)
Page 7 of 8.

I certify that on July 12, 2006, I caused to be faxed and mailed a true and correct copy of the foregoing, affidavit and proposed order via U.S. Postal Service to:

Earl Voyles
Florence Correctional Center
P.O. Box 6200
Florence, AZ 85231

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK 99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

Motion to Compel
*Voyles v. Schmidt,* Case No. A05-0069 cv (TMB)
Page 8 of 8.