IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EARL VOYLES,<br><br>            Plaintiff,<br><br>    vs.<br><br>JOE SCHMIDT,<br><br>            Defendant. | Case No. 3:05-cv-69 TMB<br><br>O R D E R<br><br>**Re: Plaintiff's Motions to Compel (Docket 37, 40 & 48) and Plaintiff's Motion for Default Judgment (Docket 49)** |

   This is a *pro se* prisoner civil rights action under 42 U.S.C. § 1983.  Plaintiff's due process claim arises from an incident that occurred while he was incarcerated in December 2003.  See Docket nos. 8 & 9A.  In November, 2005, the Honorable James K. Singleton set discovery and dispositive motion deadlines:  Original discovery was due 3/3/06, and dispositive motions were to be filed  4/2/06.  Docket 25.  On January 23, 2006 this matter was transferred to the undersigned.  Docket 28.  On April 19, 2006, this Court held a hearing, and re-established the discovery request deadline for May 19, 2006, giving the parties 30 days to comply with such requests.  The dispositive motions deadline was extended until July 17, 2006.  Docket 36.

   Pending before the Court are three motions to compel, filed by Plaintiff.  Docket nos. 37, 40 & 48.[1]

   Plaintiff moves pursuant to Rule 37(a) to compel Defendants to produce log books from the Anchorage Correctional Complex dated November - December 2003, as well as the documents taken from Plaintiff on November 29, 2005, at Spring Creek Correctional Center.  Docket 37.  Plaintiff renews his motion to compel at Docket 40, and again at Docket 48.

   Defendant opposes the motions to compel for several reasons, including 1) Plaintiff has not served counsel with discovery requests, nor has he made any informal written requests for

---

[1] Defendant's motion to compel, (docket 42), and motion for an extension of time, (docket 45), will be addressed in a separate order.

production; 2) Plaintiff has failed to comply with Local Rule 37.1 by failing to attach a Good Faith Certificate. Docket nos. 38 & 41. Defendant further suggests that Plaintiff has failed to show that the documents he seeks have any relevance, or any likelihood of leading to the discovery of relevant evidence, in this lawsuit. Docket 41.

Plaintiff's reply indicates his confusion with the process. Docket 39. Plaintiff believes that Defendant opposes the motion to compel discovery because the motion was not served on Defendant. However, Defendant's complaint is that the requests for discovery were not served on Defendant prior to a motion to compel being served. As this Court explained at the April 19th hearing, discovery requests need to be made directly to the State, not via a motion to compel. A motion to compel should be used only when the parties cannot agree on the production of discovery without court intervention. Plaintiff was provided with a copy of the Pro Se Handbook on April 14, 2005, which discusses the discovery process and the "good faith effort" required before moving to compel discovery. See Docket 3.

With respect to Plaintiff's Motion for Default Judgment, (Docket 49), the Court notes that Default Judgment is a legal remedy available when a Defendant has failed to answer a complaint. Defendant has answered the complaint in this matter. See Docket 18.

In light of the foregoing, Plaintiff's Motions to Compel Discovery at Docket nos. 37, 40 and 48 are DENIED. Further, Plaintiff's Motion for Default Judgment at Docket 49 is DENIED.

Dated at Anchorage, Alaska, this 8th day of August, 2006.

/s/ Timothy Burgess  
Timothy M. Burgess  
United States District Judge