IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EARL VOYLES,<br><br>　　　　　　　Plaintiff,<br>　　vs.<br>JOE SCHMIDT,<br><br>　　　　　　　Defendant. | Case No.  3:05-cv-69  TMB<br><br>O R D E R |

　　　　This is a *pro se* prisoner civil rights action under 42 U.S.C. § 1983.  See Docket nos. 8 & 9A.  On April 19, 2006, this Court held a hearing, and re-established the discovery request deadline for May 19, 2006, giving the parties 30 days to comply with such requests.  The dispositive motions deadline was extended until July 17, 2006.  Docket 36.

　　　　Pending before the Court is a Motion to Compel Discovery filed by Defendant.  Docket 42. Defendant seeks an order compelling Plaintiff to respond to Defendant's first set of interrogatories. Id.  Defendant notes that the interrogatories first were sent to Plaintiff on December 22, 2005. Upon receiving no response, Defendant sent a letter to Plaintiff on March 1, 2006.  Defendant's subsequent  responses were "incomplete and not verified."  Id.  On April 19, 2006, Defendant resent the interrogatories to Plaintiff, requesting full responses and to have his signature notarized. Defendant indicated in his letter that if Plaintiff did not respond appropriately, a Motion to Compel would be filed with the Court.  Docket 42 at Exhibit C.  Plaintiff's responses were then verified, but he again did not completely respond to the interrogatories.  Id., Exhibit D.  Defendant seeks an order directing Plaintiff to fully respond to Interrogatories 1, 2, 4, 9, 11, 12, 13, 14 & 15.  Id. Plaintiff has not responded to the Motion to Compel.

　　　　Defendant also has moved for an extension of time in which to file dispositive motions, in light of Plaintiff's failure to answer the interrogatories.  Docket 45.  Defendant seeks a new motion deadline 75 days after this Court rules on the Motion to Compel.  Id.

**Discussion**

Civil Rule 37(a)(2)(A) requires a good faith attempt to confer with the party who is allegedly not complying with discovery requests before a Motion to Compel is filed. Given Plaintiff's status as an incarcerated, pro se, litigant, the Court finds that the letter at Docket 42, Exhibit C, is an adequate attempt to confer in good faith.

The Court has considered Defendant's arguments with respect to each of the individual interrogatories. It is hereby ordered that Defendant's Motion to Compel, (Docket 42) is **GRANTED.** Plaintiff shall more fully respond to the Defendant's interrogatories as follows:

**Interrogatory 1.** Plaintiff shall explain in detail how Defendant violated his attorney-client privilege on December 13, 2003, when he was separated from his legal materials.

**Interrogatory 2.** Plaintiff shall identify each and every document, tape and videotape that was taken from him. Plaintiff shall contact his attorney for this information to provide to Defendant. Plaintiff shall provide Defendant copies of the documents, videotapes and tapes, or make them available to Defendant for copying.[1]

**Interrogatory 4.** Plaintiff shall explain in detail how possession of these missing documents in December, 2003, would or could have affected the outcome of his trial in 2005.

**Interrogatory 9.** Plaintiff shall contact his attorney and advise defendant whether he has filed any applications for post-conviction relief regarding 3AN-S03-10999 cr.

**Interrogatory 11.** Plaintiff shall explain in detail why he claims that defendant Schmidt did nothing about his missing legal materials.

**Interrogatory 12.** Plaintiff shall identify his expert witnesses and state the substance of facts and opinions to which the expert is expected to testify.

**Interrogatory 13.** Plaintiff shall identify his lay witnesses and state the facts to which they are expected to testify.

**Interrogatory 14.** Plaintiff shall state in detail each fact supporting his claim that defendant violated his right to due process. He should identify the DOC policy that he alleged failed to follow, and state how he failed to comply with that policy.

---

[1] Plaintiff may have to contact his attorney and sign a release in order to accomplish this production.

**Interrogatory 15.**  Plaintiff shall state what damages resulted from defendant's alleged violation of his rights.

Plaintiff shall provide this discovery to defendant within 45 days of the date of this order.

Furthermore, Defendant's motion for extension of time in which to file dispositive motions, (Docket 45), is **GRANTED.**  The parties shall have until October 20, 2006, to file dispositive motions.

Dated at Anchorage, Alaska, this 10th day of August, 2006.

/s/ Timothy Burgess

Timothy M. Burgess
United States District Judge