Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK  99811
(907) 465-3428
FAX:  (907) 465-4043
Attorney for Defendant Schmidt

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| EARL VOYLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOE SCHMIDT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | Case No. 3:05-cv-0069-TMB |

MOTION AND MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

Comes now defendant Joe Schmidt, by and through his attorney of record, Marilyn J. Kamm, Assistant Attorney General, and hereby renews his motion to dismiss pursuant to *Heck v. Humphrey*, at docket 15.  On August 24, 2005, this court denied the motion pending receipt of more factual information regarding plaintiff's claim.  See docket 17.  Since defendant submits plaintiff's discovery responses as an exhibit, this motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure.

FACTS

I.      The Motion to Dismiss.

Defendant Schmidt filed a Motion to Dismiss at docket 15 claiming that plaintiff's claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). This court denied the motion without prejudice to a motion for summary judgment after the facts were developed. *See* docket 17. Defendant claimed in his Motion to Dismiss that plaintiff could not show an actual injury as required by the Supreme Court in *Lewis v. Casey*, 518 U.S. 343 (1996) to plead a First Amendment claim of interference with access to the courts. Defendant claimed that plaintiff needed to first successfully attack his conviction before bringing a Section 1983 claim . *See* Docket 15.

The State of Alaska charged plaintiff with Murder in the First Degree in *State v. Voyles*, Case No. 3AN-03-10999 Cr. Plaintiff claims in his complaint that defendant interfered with his access to court in December, 2003, and alleges that he would have been found innocent at his trial had he had those materials. See docket 8. In his discovery responses he states that he does not know if he would have been found innocent, but that he could have shown his attorney some evidence discrepancies sooner. Exhibit D.

Plaintiff claims that his legal papers and discovery were confiscated on December 14, 2003. Exhibit B. They were not returned to him until December 28, 2003. Exhibit C. He claims that he had a court hearing on December 17, 2003, and was without his paperwork.

Plaintiff's jury trial was not held until 2005. *See* http://www.courtrecords.alaska.gov/pa/pa.urd/pamw2000.docket_1st?7713043. The jury convicted him of second degree murder on April 6, 2005, and he was sentenced August 2, 2005. He has appealed from his conviction, but that appeal is still pending. *See Voyles v. State*, Appeal No. A-9377.

II.     The Grievance.

On December 22, 2003, plaintiff filed grievance 6537 while he was at the Anchorage Correctional Center. Exhibit B. In that grievance he complained that his legal papers were taken on December 14, 2003, when he was moved from Cook Inlet Pretrial Center to the Anchorage Jail. He complained that he was in court on December 17, 2003, and that the papers had not been returned to him. He wanted to know who had been in contact with his papers. Exhibit B.

The grievance was investigated and the findings and recommendations were that all property and paperwork were delivered to prisoner Voyles on December 28, 2003. Exhibit C. The Superintendent's findings and determination were that no further action was needed. Exhibit C. The response did not identify the persons who had been in contact with his legal materials.

The response was given to Voyles on January 9, 2004. He noted that he was not satisfied with the response but that he did not wish to appeal. Voyles acknowledged that he understood how to appeal from the decision.

> I UNDERSTAND THAT MY COMPLETED STATEMENT OF APPEAL FORM MUST BE SUBMITTED TO THE Grievance Coordinator WITHIN TWO WORKING DAYS OF THIS DATE.

Exhibit C.

Plaintiff did not appeal from the screening decision. See Affidavit of Sgt. Cowart.

## STANDARDS FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In deciding a motion for summary judgment the court views the evidence and the inferences therefrom in the light most favorable to the non-moving party. *Levin v Knight*, 780 F.2d 786, 787 (9th Cir. 1986). Three United States Supreme Court cases have clarified what a non-moving party must do to withstand a summary judgment motion. As explained by the Ninth Circuit in *California Architectural Building Products, Inc. v Franciscan Ceramics, Inc.*, 818 F. 2d 1466, 1468 (9th Cir. 1987):

> First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, [477 U.S. 317], 106 S. Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, [477 U.S. 242], 105 S. Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)(emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986).

<b>ARGUMENT</b>

**I.    PLAINTIFF'S CLAIM IS BARRED BY *HECK V. HUMPHREY.***

To succeed on a claim that he was denied access to the courts, plaintiff must show that he has suffered actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). This rule is derived from the doctrine of standing, and requires the prisoner to demonstrate that a non-frivolous legal claim has been frustrated or impeded. A plaintiff may not pursue his claim under 42 U.S.C Section 1983 where a judgment in his favor would imply the invalidity of his conviction or sentence.

In the present case plaintiff cannot show that he has suffered an actual injury. Although he was without his legal papers from December 14 – 28, 2006, his trial

was not held until 2005.  His conviction is currently on appeal.  *See Voyles v. State*, Appeal No. A-9377.  Moreover, even though he claimed in his complaint that he would have been found innocent had he possession of the materials in December, 2003, in his responses to discovery he now states that his possession possibly could have changed the verdict because it would have allowed him to show discrepancies to his attorney sooner.  Exhibit D.  His complaint should be dismissed pursuant to *Heck v. Humphrey, supra.*

> II.   **PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

Plaintiff's complaint is barred by his failure to exhaust his administrative remedies.  The Prison Litigation Reform Act of 1995 provides that prisoners may not file suit under 42 U.S.C. § 1983 until they have exhausted their remedies.

> (a)   APPLICABILITY OF ADMINISTRATIVE REMEDIES.  No action shall be brought with respect to prison conditions under . . . (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

This court has dismissed several cases and claims pursuant to the amended statute.  *See, e.g., Thomas v. Kincheloe, et al.*, Case A96-310 CIV (HRH); *Richards v. Greathouse et al*, Case. A05-0004 CIV (TMB).

The grievance procedures are set out in the State of Alaska, Department of Corrections, Policy and Procedure #808.03.  Exhibit A.  An inmate must first try to

resolve an issue informally. If he cannot do so, he may then file a grievance. *Id.*, p. 3. The inmate places the grievance in a locked box. The grievance coordinator records the grievance and its subject matter. He assigns a number to it. He then screens it to determine if it complies with grievance requirements. *Id.*, pp. 3-4. If he screens it out, the inmate may appeal to the superintendent. *Id,* p. 4..

If the grievance is not screened out, the coordinator assigns either himself or another staff member to investigate it. *Id,* p. 4. However, if the grievance alleges staff misconduct, he must record it and forward it directly to the superintendent. *Id.*, p. 5. The superintendent shall give a written decision to the prisoner through the grievance coordinator within five days after receiving the investigator's findings. *Id.*, p. 5.

There is an appeal process. *Id.*, p. 5. An inmate may appeal a superintendent's or deputy director's decision. He must complete and file a grievance appeal statement form with the grievance coordinator within two working days after receiving the decision from which he is appealing. The grievance coordinator records the appeal and sends it to the deputy director, or, in the case of an appeal from the deputy director's decision, to the director. *Id.*, p. 5.

The deputy director/director responds to the prisoner in writing through the grievance coordinator within 15 working days after receiving the original decision. If a response is not received by the prisoner within 15 days, the appeal is considered denied. *Id.,* p. 5. However, a late response granting the appeal is valid. The deputy

director/director files a copy of the prisoner's appeal and the written response with the grievance and compliance administrator. *Id.,* p. 5.

In the present case inmate Voyles failed to exhaust his administrative remedies. He filed grievance 6537 complaining that his legal papers had not been returned to him, that he had a court date, and requested identity of those who had been in contact with the materials. DOC's response to the grievance was that no further action was necessary because the materials were all returned to Voyles by December 28, 2003. Voyles was not satisfied with the response. Exhibit C. Although he was afforded the opportunity to appeal from that decision, he did not appeal. He failed to exhaust his administrative remedies and his claim is barred by the Prison Litigation Reform Act.

Defendant respectfully requests that this court grant his motion for summary judgment

Dated this 3rd day of October, 2006, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state.ak.us

I certify that on October 5, 2006, I caused
to be mailed a true and correct copy of the
foregoing and proposed order
via U.S. Postal Service to:

Earl Voyles
Red Rock Correctional Center
1752 Arica Road
Eloy, AZ  85231

_____
By: s/Marilyn J. Kamm, ABA 7911105
State of Alaska
Department of Law
Criminal Division Central Office
PO Box 110300
Juneau, AK  99811
Phone: (907) 465-3428
Fax: (907) 465-4043
Marilyn_Kamm@law.state

Motion for Summary Judgment
*Voyles v. Schmidt,* Case No. 3:05-cv-0069-TMB
Page 9 of 9.