IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EARL VOYLES,<br><br>                Plaintiff,<br><br>  vs.<br><br>JOE SCHMIDT,<br><br>                Defendant. | Case No.  3:05-cv-69  TMB<br><br><br>O R D E R |

      This is a *pro se* prisoner civil rights action under 42 U.S.C. § 1983.  See Docket nos. 8 & 9A.  Pending before the Court are three motions filed by the Plaintiff, and a request for an extension of time filed by Defendant.

**Motion for Reconsideration** (Docket 54)

      Plaintiff previously has moved to compel discovery several times, all of which have been denied.  See Docket 50. Plaintiff now moves this court for reconsideration of its denial of the motions to compel, arguing that the Court instructed Plaintiff to file a motion to compel at the April 19th hearing.  Docket 54.  The Court has reviewed the tape of the hearing, and the instructions were clear: Plaintiff was to send his discovery requests, in writing, directly to counsel for Defendant, Ms. Kamm.  As this Court explained at the April 19, 2006, hearing, and in the Order at Docket 50, discovery requests need to be made directly to the Defendant, not via a motion to compel.  A motion to compel should be used only when the parties cannot agree on the production of discovery without court intervention.  Plaintiff was provided with a copy of the Pro Se Handbook on April 14, 2005, which discusses the discovery process and the "good faith effort" required before moving to compel discovery.  See Docket 3.  The State has so far declined to produce discovery, because Plaintiff is yet to request it in the appropriate format.

1

Civil Rule 37(a)(2)(A) requires a good faith attempt to confer with the party who is allegedly not complying with discovery requests before a Motion to Compel is filed. This Court attempted to facilitate communication between Plaintiff, (who is pro se and incarcerated in Arizona), and defense counsel at the April 19, 2006, hearing. At that hearing, counsel for Defendant expressed a willingness to respond to Plaintiff's discovery requests if he would submit them to her <u>in writing</u>. Plaintiff apparently fails to understand the difference between making a written discovery request to the opposing party, and filing a Motion to Compel discovery with the Court. Given the review of the April 19th hearing tape and this Court's Order at Docket 50, the Court is at a loss as to how to make the appropriate procedure any clearer to Plaintiff.

**<u>Motion to Compel Discovery from Former Attorney</u>** (Docket 53)

The Court previously has granted Defendant's Motion to Compel Discovery <u>from</u> the Plaintiff, noting that Plaintiff had failed to adequately answer interrogatories submitted by the Defendant. Docket 51. Plaintiff has filed his answers to the interrogatories with the Court. Docket 52. Discovery rules require only that discovery be provided to the opposing party, <u>not</u> to the Court. Nevertheless, the Court notes that Plaintiff has tried to comply with the Order at Docket 51. However, Defendant has asked Plaintiff to identify each and every document, tape and videotape that was taken from him, and this Court has ordered Plaintiff to contact his former attorney for this information. <u>See</u> Docket 51. Plaintiff now moves to compel discovery from his former attorney, in order to fully respond to interrogatory number 2. <u>See</u> Docket 53. Plaintiff indicates that he has called his former counsel, Allen Bieswenger, and asked him for the information, (Docket 52), but indicates that Mr. Bieswenger has been unresponsive. Docket 53.

It appears from the record that Plaintiff, who is incarcerated in Arizona, has done everything in his power to comply with this Court's order that he respond to interrogatory number 2. This Court will not compel Mr. Bieswenger to produce documents in this matter. Rather, the Court suggests that Defendant may wish to obtain a release from Plaintiff for the information they seek, and obtain it directly from Mr. Bieswenger, whether through an informal request or via a subpoena.

**Motions to Continue Dispositive Motions Deadline** (Docket Nos. 55 & 57)

Finally, Plaintiff has moved for a continuance due to his relocation to Eloy, Arizona. Docket 55. It is unclear what Plaintiff needs a continuance for, but presumably it is to extend the dispositive motions deadline that is currently set for October 20, 2006. Defendant also has moved for a continuance, to extend the dispositive motions deadline until January 20, 2007. Docket 57.

Having considered the foregoing motions, **it is hereby ordered as follows:**

1. The Motion for Reconsideration of the denial of the Motions to Compel, **(Docket 54), is DENIED AS MOOT**. However, the court construes the Motions to Compel Discovery at Docket nos. 37 and 40 as written requests for discovery. Defendant is instructed to respond to the discovery requests within 30 days of the date of this order. If, at that time, the Defendant has not responded to the discovery requests, Plaintiff may <u>then</u> file a Motion to Compel Discovery.

2. Plaintiff's Motion to Compel Discovery from his former counsel, **(Docket 53)**, is **DENIED AS MOOT**. Defendant may obtain a release from Plaintiff for the information they seek, and obtain it directly from Mr. Bieswenger, whether through an informal request or via a subpoena.

3. Plaintiff's Motion for a Continuance, **(Docket 55)**, and Defendant's Motion for Extension of Time in which to file dispositive motions, **(Docket 57)**, are **GRANTED.** The parties shall have until January 20, 2007, to file dispositive motions.

Dated at Anchorage, Alaska, this 5th day of October, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge