IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EARL VOYLES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOE SCHMIDT,<br><br>　　　　Defendant. | Case No. 3:05-cv-00069-TMB<br><br>ORDER of DISMISSAL |

I.     Motion Presented

Earl Voyles, a self-represented state prisoner, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that the defendant failed to return his legal papers to him in time for Mr. Voyles to use them in two hearings. The documents were taken during his transfer from one facility to another. Mr. Voyles claims that without those documents, his state criminal case was jeopardized.[1] The defendant has filed a motion for summary judgment on the grounds that the action is barred by *Heck v.*

---

[1] *See* Docket Nos. 5, 6, 7, 8.

*Humphrey*, and that Mr. Voyles failed to exhaust his administrative remedies; Mr. Voyles has filed an opposition; and the defendant has filed his reply.[2]

## II.   Background

The relevant facts in this case, viewed in the light most favorable to Mr. Voyles, are that his legal papers were taken from him in December, 2003, while he was being transferred from one facility to another.[3] During this time, Mr. Voyles had two court appearances in his state criminal case.[4] Although he requested the return of his papers, he did not receive them in time to use them for his two court appearances.[5] Mr. Voyles maintains that the lack of these legal materials "could jeopardize [his] case and [his] trial," and his "case could have been different had [he] been able to bring [his] legal papers to court."[6] The various materials were not returned to him until several days after filing a grievance.[7]

---

[2] *See* Docket Nos. 58, 60, 64, 65, 67.

[3] See Docket No 64, including exhibits.

[4] *Id.*

[5] *See* Docket No. 64 & Exhibit A.

[6] *Id.*, Declaration.

[7] *See id.*, Exhibit A.

### III.   Standard of Review

In reviewing the summary judgment motion, the Court must view all evidence and draw all inferences therefrom in the light most favorable to Voyles, the nonmoving party.[8]  Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[9]

### IV.   Discussion -- the *Lewis* and *Heck* Cases

1.   <u>Plaintiff Has Not Established that there is a Genuine Issue of Fact As to whether he suffered an Actual Injury when he was denied access to his Legal Papers</u>

The United States Supreme Court, in *Lewis v. Casey*,[10] held that although prisoners have a fundamental right of access to the courts, in order to state a claim for relief under federal civil rights law, a plaintiff must show that he suffered an "actual injury" through the wrongdoing of the defendant.[11]  "[I]n order to establish actual injury, the inmate must demonstrate that official acts or omissions 'hindered his efforts to pursue a [nonfrivolous] legal claim.'"[12]

---

[8]  *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

[9]  *See* FED. R. CIV. P. 56(c)

[10]  *Lewis v. Casey*, 518 U.S. 343 (1996).

[11]  *See Lewis* , 518 U.S. at 351; *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) ("The first element, requiring the loss of a nonfrivolous underlying claim, goes to the plaintiff's standing to bring suit. To have standing to assert a claim of denial of access to the courts, an inmate must show 'actual injury.'"), citing *Lewis*.

[12]  *Phillips v. Hust*, 477 F.3d at 1076.

Mr. Voyles alleges that his legal materials were withheld from him for 15-16 days in December 2003, while he was transferred from one facility to another, which "was hurting [his] case."[13] Defendant's argue that Mr. Voyles has not shown that he has suffered an injury. They note that although he was without his legal papers from December 14-28, 2003, his trial was not held until 2005, and his conviction is currently on appeal.[14]

In opposition, Mr. Voyles has not stated specifically how the lack of those legal papers in 2003 adversely effected him during his trial in 2005.[15] Since Mr. Voyles failed to put forth evidence demonstrating that there is an issue of fact as to whether he suffered an actual injury, the defendant is entitled to summary judgment.

---

[13] *See* Docket No. 65 (Voyles' opposition) and exhibits; Docket No. 58, Exhibit D (Voyles' responses to interrogatories).

[14] *See* Docket No. 58 at 5-6.

[15] *See State of Alaska v. Earl L. Voyles*, 3AN-03-10999CR (state criminal court case, showing August 2, 2005 guilty verdict, and August 24, 2005 notice of appeal); *see also Bass v. Singletary*, 143 F.3d 1442, 1445-46 (11th Cir. 1998) (The plaintiff is "required to put forth evidence demonstrating that there [is] a genuine issue as to whether [he] suffered actual injury, i.e. whether defendants' [confiscation of his legal materials] frustrated [his] presentation of a direct appeal from [his] convictions, a habeas petition, or a civil rights action.").

2. <u>If Possession of the Materials Would Have Changed the Verdict, Mr. Voyles' Complaint must be Dismissed under *Heck v. Humphrey*</u>

Further, as pointed out by the defendant, Mr. Voyles may not challenge the fact or duration of his confinement through a civil rights action.[16] Under *Heck v. Humphrey*, *habeas corpus* is his exclusive remedy:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[17]

And "[t]he fact that [a plaintiff] seeks money damages . . . as a remedy does not alter this conclusion."[18]

In *Nance v. Vieregge*, 147 F.3d 589 (7th Cir. 1998), a prisoner's legal materials were permanently lost during the prisoner's transfer from one facility to another. The Court noted in *Nance* that in order "[t]o establish a deprivation of access to the courts, a prisoner must show that unjustified acts or conditions

---

[16] *See* Docket No. 58 at 5-6.

[17] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002), quoting *Heck*, 512 U.S. at 487 n. 6 ("In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'").

[18] *See Wilkinson v. Dotson*, 125 U.S. 1242, 1248 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

'hindered his efforts to pursue a legal claim,' and "[i]f the hindrance is ongoing, prospective relief can compel the state to restore access so that the claim may be vindicated."[19]  However, the Court also explained that:

> Nance pleaded guilty; his motion to withdraw the plea was denied; and although the prison's unconstitutional hindrance of his efforts to withdraw the plea (if that is what occurred) would be a good ground for a new hearing on the motion to set aside the plea, it would not establish that Nance is entitled to damages for wrongful incarceration -- not unless he went to trial and was acquitted, or the invalidity of his incarceration was established in some other fashion. The holding of *Lewis* that a claim based on deprivation of access to the courts requires proof of concrete injury, combined with the holding of *Heck*, means that a prisoner in Nance's position must have the judgment annulled before damages are available for wrongful imprisonment."[20]

As the defendant argues, the Supreme Court's holdings in *Heck* and *Lewis* preclude Mr. Voyles from prevailing in this case.  Because his claim, if successful, that his "case could have been different had [he] been able to bring [his] legal papers to court," would challenge the fact or duration of his confinement, Mr. Voyles' complaint must be dismissed.  The Court need not, therefore, address any other grounds for summary judgment.

---

[19] *Nance*, 147 F.3d at 591 (quoting *Lewis*, 518 U.S. at 351).

[20] *Id.*; *see also Michau v. Charleston County*, S.C. 434 F.3d 725, 728 (4th Cir. 2006) (*Heck* prevented plaintiff from bringing § 1983 action "seeking damages based on issues related to his state convictions ... [b]ecause there is no indication that the convictions have been set aside," and *Lewis* prevents his "denial-of-access claims ... because his complaints do not specifically explain how he was [otherwise] injured by any limitations on his access to the law library.").

Once he fully exhausts his state court remedies up through the Supreme Court of the State of Alaska (through appeals and/or post-conviction procedures),[21] if Mr. Voyles is not satisfied with the result, he may file a timely petition for writ of habeas corpus.[22]

---

[21] See 28 U.S.C. § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999); Custer v. Hill, 378 F.3d 968. 974-75 (9th Cir. 2004) (Petitioner who failed to reference his ineffective assistance of counsel claim in his petition for review in Oregon Supreme Court failed to exhaust his state court remedies with respect to issue, for purposes of federal habeas corpus petition); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) ("A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court. ... A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition."); Zichko v Idaho. 247 F.3d 1015, 1022 (9th Cir. 2001) ("A habeas petitioner must present his claims to the state's highest court in order to satisfy the exhaustion requirement of 28 U.S.C. §§ 2254(b)(1) and (c)"); Reutter v. Crandel, 109 F.3d 575, 577 (9th Cir.), cert. denied, 118 S. Ct. 142 (1997) ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies") (quoting Picard v. Connor, 404 U.S. 270 (1971)).

[22] See 28 U.S.C. § 2244(d)(1) (one-year limitations period in which to file a habeas petition under 28 U.S.C. § 2254); see also, Wixom v. State of Washington, 264 F.3d 894 (9th Cir. 2001) (state court of appeals' denial of petitioner's motion to modify ruling affirming conviction and sentence was a final order, so that expiration of the time to appeal that final order triggered one-year limitations period for filing petition for habeas relief).

**IT IS HEREBY ORDERED that:**

1. The defendant's motion for summary judgment, at docket number 58, is GRANTED, and

2. This case is DISMISSED without prejudice to filing a timely petition under 28 U.S.C. § 2254, after full exhaustion of state court remedies on all grounds for relief.[23]

DATED this 18th day of June, 2007, at Anchorage, Alaska.

    /s/ Timothy M. Burgess
TIMOTHY M. BURGESS
United States District Judge

---

[23] Only if Mr. Voyles prevails in having his conviction or sentence overturned may he bring a civil rights action involving those grounds for relief. *See Heck*, 512 U.S. at 486-87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.").